IN RE HOLMES.

(No. C-790705—Decided August 27, 1980.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. William E. Breyer,* for the state of Ohio.
*Mr. Cole Alan Bieler,* for appellant.

BLACK, J. Appellant appeals from an order of the Juvenile Division of the Court of Common Pleas of Hamilton County that found him to be a delinquent child by reason of criminal damaging. Appellant claims that his rights of due process were violated because he was ordered to make restitution without a hearing on that matter. For the reasons that follow, we dismiss this appeal *sua sponte* for lack of a final appealable order.

The record discloses that, at a hearing before a referee, appellant was adjudged a delinquent child because he illegally started a roadgrader that ran into three parked cars. The owner of the roadgrader declined to demand damages, and the owners of the cars were not present. No evidence about damage was received at that hearing. The referee's written report of July 20, 1979, reads, in pertinent part, as follows:

"The testimony in this matter was heard by me this 20 day of July, 1979, the proper and necessary parties having been duly served. My Findings and Recommended Disposition are: Atty. Bohlen, matter tried, adjudged delinquent, restitution, 4 days daily unpaid Work Detail, costs.

"The above Findings and Recommendations are hereby certified to the Court."

If a child is adjudged delinquent, the Juvenile Court may, under R. C. 2151.355(A)(7), require the child to make restitution for all or part of the damages caused by the delinquent act. Despite our concern about what was meant by the inclusion of the single word "restitution" in the referee's report,[1] we assume, for purposes of disposing of this appeal, that restitution was ordered in an amount yet to be determined.

On August 20, 1979, the case came on for hearing on the appellant's objections to the referee's report. The three objections related to the order for restitution: that the roadgrader owner waived damages, that the car owners had not been present at the hearing, and that "the question of civil liability for damages was unresolved at the hearing." The court orally overruled the objections and on the same day entered an order so stating.

At the conclusion of the hearing, the court stated that it would proceed with the evidentiary hearing on the amount of restitution, but this matter was deferred because neither the court's restitution department nor the car owners were present. Appellant's assignment of error challenges that part of the order of August 20, 1979, that appeared to order restitution. He does not challenge the adjudication of delinquency or the imposition of work days and costs.

---

[1] The single word "restitution" in the referee's report, standing by itself without benefit of a court rule or any evidence in the record clarifying the proceedings *re* restitution, tells us nothing. The Approved Statement of Proceedings filed in this appeal under App. R. 9(C) states that the referee ordered restitution and referred this matter to the court's restitution department which calculated the damages owed by the appellant. It goes on to say that appellant failed to challenge or contest the findings of the restitution department and that the only issue raised before the Juvenile Court judge was whether appellant would be made to pay restitution regarding the cars. However, the Approved Statement fails to state why this is the status of the matter, and what was the amount of damages as determined by the restitution department. That amount is not found elsewhere in the record.

Attached to appellant's brief is an undated notice stating that restitution had been ordered and that the child has a right to an evidentiary hearing on the amount of restitution only. If the document was designed to provide due process notice of the claim for damages, it failed to do so, because the blank in which the amount claimed was to be inserted was not properly completed. We only mention that notice in passing because it was not made a part of the record. Its existence, at best, suggests an intention to hold a further hearing on restitution on September 27, 1979.

We are unable to determine from the record whether the referee's determination that appellant must pay restitution is irrevocable, or whether it provides that the issues relating to restitution (should any restitution be ordered, and if so, how much and on what conditions of payment) will be set down for a later hearing.

The order appealed from was not a final appealable order, because it settled neither the amount of restitution nor the method of payment. It is entirely possible that appellant will not be ordered to make restitution.[2] For example, in a personal injury case, the court may adjudge the defendant to be liable as a matter of law, but the jury may award no damages whatsoever. Thus, the instant order is similar to a determination by a trial court in a bifurcated trial for personal injury that the defendant is liable, and that the matter of damages will be deferred to a later date. Civ. R. 42(B). The instant order does not fall within the definitions of final order in R. C. 2505.02.

Appellant misreads our conclusion in *In re Hall* (Hamilton Co. Ct. of Appeals No. C-77022, November 16, 1977), unreported. In that case the judgment of the court committed the child to the Ohio Youth Commission and also ordered restitution, all without any evidentiary hearing of any nature whatsoever on the existence of damages and the proper amount of restitution. The transcript of proceedings in the instant case clearly indicates that the court intended to have a hearing on restitution.

We dismiss the appeal.

*Appeal dismissed.*

BETTMAN, P. J., and PALMER, J., concur.

---

[2] It is difficult to see how any restitution at all could be ordered against this appellant when the trial court has determined that he is indigent and that he shall be provided with a transcript and all other papers necessary for appeal without cost.