This is an accelerated appeal from a July 18, 1998 judgment of the Erie County Court of Common Pleas, Juvenile Division, that appellant, Alonzo B., is a delinquent child by reason of contempt. Appellant has presented one assignment of error for consideration that is:
 "I. The Decision of the Magistrate Finding Alonzo [B.] a Delinquent Child by Reason of Failing to Pay Restitution is Contrary to Law."
Appellant argues in support of his single assignment of error that the trial court's ruling finding him delinquent for being in contempt is contrary to law. He says he established a valid defense of impossibility. He points to testimony from the coordinator for community service and restitution program acknowledging that appellant is not eligible for the program, which provides alternative means for delinquents who cannot pay to make restitution. He further points to the statement made in the magistrate's decision that because he is only nine years old, he lacks financial resources or the ability to obtain funds to pay restitution. He therefore asks this court to reverse the ruling that he is delinquent.
The record shows that appellant was first found delinquent for receiving stolen property--another boy's bicycle. On April 15, 1997 the magistrate filed a decision that said, in pertinent part: "As to disposition, the Magistrate recommends that a restitution investigation be performed, and that Alonzo make restitution, and that he attend the Self Esteem program.
On May 8, 1997, the trial court journalized a judgment entry in which it ruled:
 "This matter came to be heard upon the Motion of the State of Ohio for the adoption of the Magistrate's Decision in the above captioned case.
 "And the Court being fully advised of the premises herein hereby adopts said Decision and incorporates the same herein by reference as part of this Court's Order."
Neither the magistrate's decision nor the trial court's judgment entry specified the amount of restitution appellant was to pay.
Nevertheless, on September 23, 1997 the trial court filed a judgment entry in which it said:
 "It appearing to the Court that by order of this Court dated April 15, 1997 (a copy of which is attached hereto and made a part hereof), said defendant was ordered to:
PAY RESTITUTION ($135.19)"
The court ordered appellant to appear and to show cause why he should not be found in contempt for non payment.
On December 24, 1997, the magistrate filed a decision. The magistrate made the following findings of fact:
 "1. A Magistrate's Decision was filed on April 15, 1997 and adopted by Judgment Entry filed May 7, 1997 finding Alonzo [B.] * * * delinquent by reason of receiving stolen property. Included in that Decision was a recommendation that Alonzo make restitution for the bicycle.
 "2. Jan Kerber, restitution coordinator, testified that she conducted a restitution investigation and determined the amount of loss sustained to be $135.19. She sent a letter to Alonzo on May 14, 1997 relaying this information and allowing him to make payment arrangements. Ms. Kerber further testified that when she contacted Alonzo's mother, * * * [she] informed her that 'they were not going to pay.'
 "3. A contempt charge was filed in this matter on September 23, 1997 requiring Alonzo to appear and show cause why he should not be found in contempt for failure to pay restitution.
 "4. Alonzo's attorney * * * informed the Court that her client was only 9 years old and neither he nor his mother had the financial resources to pay the restitution. No evidence was presented to support this assertion."
The magistrate then made the following decision:
 "Alonzo [B.] was adjudicated a delinquent child by reason of receiving stolen property. As part of disposition, he was ordered to pay $135.19 in restitution. Alonzo failed to pay and the court's restitution coordinator was informed by his mother that they were not going to pay.
 "RC Section 3109.09 finds that a parent may be held liable for acts of theft committed by their child(ren). RC Section 2151.355 provides that 'If a child is found by the court to be a delinquent child, the court may . . . Make any further disposition that the court finds proper . . ' .
 "In the present case Alonzo [B.] was ordered to pay $135.19 in restitution. Alonzo, being a 9 year old child is without the resources or ability to obtain these funds. Although his attorney indicated to the court that his mother was unable to pay, no evidence was presented verifying this.
 "The Magistrate proposes that Alonzo [B.] be adjudicated a delinquent child by reason of contempt. As disposition, * * * (his mother] be ordered to pay the $135.19 in restitution in this matter on or before March 15, 1997. If she so chooses, she may do so by enrolling in the court's retitution [sic] program and completing same before March 15, 1997."
Appellant filed objections to the Magistrate's Decision. On July 18, 1998, the trial court journalized a judgment entry in which it rejected the objections. The trial court said: "The youth's mother, as party to this matter and as responsible for the damages caused by her son, is required to pay the restitution. Therefore, the Court adopts the Magistrate's Decision as the orders herein and further orders the mother to pay the restitution of $135.19 to the Clerk of this Court not later than July 15, 1998."
We begin by noting that R.C. 2121.02 defines a delinquent child as: "(B) Any child who violates any lawful order of the court made under this chapter." In this case, the trial court found appellant delinquent for violating its order that he pay restitution. Appellant has not challenged the lawfulness of the original order, but this court must raise the issue as plain error for the following reasons.
Appellate courts have consistently held that a juvenile court must specify a definite amount of restitution owed in a judgment before the judgment becomes final. See,e.g., In re Holmes (1980), 70 Ohio App.2d 75, 76-77; In thematter of: Joshua [B.] (June. 26, 1998), Richland App. No. 97CA112, unreported. Before setting the amount of restitution owed, the juvenile court must hold an evidentiary hearing. Inre Holmes (1980), 70 Ohio App.2d 75, 76-77; In the matter of:Joshua [B.] (June. 26, 1998), Richland App. No. 97CA112, unreported.
The record presented in this case shows that the Juvenile court never held an evidentiary hearing on the amount of restitution owed, and never journalized a judgment specifying the amount of restitution owed. Instead, the restitution coordinator, conducted a restitution investigation, determined the amount of loss to be $135.19, and sent a letter to appellant directing him to pay that amount in restitution. When the court issued the order to show cause, it did refer to the amount of restitution set by the restitution coordinator, but that did not satisfy the requirement that the court itself hold an evidentiary hearing and issue an order specifying the amount. The failure to hold the hearing in this case deprived appellant of his due process and amounted to plain error.
In addition, the failure to hold the evidentiary hearing and to set a definite amount of restitution owed in a judgment entry means the juvenile court's original order was never final. See In re Holmes, 70 Ohio App.2d at 76-77. Accordingly, appellant did not violate a lawful court order and there was no basis for holding him in contempt in this case.[1]
Appellant's sole assignment of error is well-taken to the extent that the trial court had no basis for finding him, delinquent by being in contempt. The judgment of the Erie County Court of Common Pleas, Juvenile Division, is reversed. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ------------------------- JUDGE
James R. Sherck, J. ------------------------- JUDGE
Richard W. Knepper, J. CONCUR. ------------------------- JUDGE
[1] Because of the plain error noted, this court does not reach appellant's argument that he established a valid defense of impossibility. However, we note that such a defense has long been recognized in Ohio. Cook v. Cook (1902) 66 Ohio St. 566, paragraph one of the syllabus. We also note there may be some question regarding the validity of holding a juvenile in contempt for a parent's failure to pay restitution, particularly when there is no showing the juvenile can compel the parent to expend the parent's own resources. See Burchettv. Miller (Nov. 21, 1997), Erie App. No. E-97-048, unreported. The legislature has established a separate civil procedure for holding parents liable for thefts committed by juveniles. See R.C. 3109.09(third parties may sue parents for damages caused by juvenile theft offense); R.C. 2151.355(G)(1) (juvenile court to inform third parties of right to sue juvenile's parents for damages); and In re James [D.] (Sept. 2, 1986), Butler App. No. CA85-11-147, unreported (father could not be ordered to pay restitution as part of a delinquency proceeding; separate suit required).