OPINION
Defendant-appellant, Robert A. Hayes, appeals the decisions of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling his objections to the magistrate's decision.
Appellant was charged with two counts of burglary, three counts of receiving stolen property and one count of truancy. On January 27, 2000, appellant entered admissions to the two counts of burglary. The magistrate accepted appellant's admissions, and the remaining counts of receiving stolen property and truancy were dismissed.
On February 22, 2000, the magistrate held a dispositional hearing to determine appellant's sentence; whereupon, the magistrate placed appellant on probation until August 28, 2001. In addition, the magistrate ordered appellant to pay $380 in restitution by performing seventy-six hours of community service. Appellant filed objections to the magistrate's restitution order. The trial court overruled the objections and upheld the magistrate's decision.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT IS IN ERROR BY FAILING TO CONDUCT AN EVIDENTAIRY [SIC] HEARING ON THE EXISTENCE OF DAMAGES AND PROPER AMOUNT OF RESTITUTION.
The magistrate was authorized to order appellant to make restitution in this case. See R.C. 2151.355. However, the magistrate was required to hold a hearing and receive evidence on the proper amount of restitution. See In Re Holmes (1980), 70 Ohio App.2d 75, 76-77; In re Joshua Brown (June 26, 1998), Richland App. No. 97CA112, unreported; In re Alonzo B. (Feb. 12, 1999), Erie App. No. E-98-050, unreported.
Plaintiff-appellee, the state of Ohio, claims that the magistrate properly ordered restitution after relying on a pre-sentence investigation report submitted by the trial court's probation officer. However, the probation officer's report merely recommends that appellant complete fifty hours of community service to help reimburse his victims for their losses. This recommendation does not address the specific losses sustained by appellant's victims and does not establish the proper amount of restitution. Furthermore, the magistrate's order does not even comport with the probation officer's recommendation. Appellee's brief points to no other evidence supporting the restitution order, and we find nothing else in the record constituting reliable evidence in support of the order.
Accordingly, we conclude that there is no evidentiary basis in the record for the restitution amount and that the trial court erred in overruling appellant's objections to the magistrate's decision. Therefore, appellant's single assignment of error is sustained, the trial court's judgments are reversed and these cases are remanded to the trial court for a hearing on the proper amount of restitution.
 ___________ KENNEDY, J.
PETREE and BOWMAN, JJ., concur.