DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, which found appellant, Jeremy K., a delinquent child pursuant to R.C. 2151.02 for committing an act in violation of R.C. 2903.11, felonious assault. This court affirms, in part, and reverses, in part, the judgment of the trial court.
Appellant sets forth the following five assignments of error:
 "I. The trial court erred, in affirming the adjudication of the magistrate for felonious assault rather than aggravated assault, based upon the magistrate's findings of fact and conclusions of law that the juvenile was delinquent because he proximately caused the victim to assault him so as to make the victim not responsible for creating any of the mitigating circumstances causing the juvenile's sudden fit of rage which would have justified and [sic] aggravated assault.
 "II. The trial court erred, in affirming the magistrate's adjudication when the findings of fact and conclusions of law display that the juvenile defendant was not found to have directly caused the seriousness of the victim's injury nor to have been an accomplice or conspirator, but the proximate cause of such injury by somehow `causing' the victim to assault him.
 "III. The trial court erred, to the substantial prejudice of the juvenile defendant, by allowing the State to present the taped pre-trial statements of the other juvenile defendants as the defendant clearly had a right to such statements under the Juvenile Discovery Rules and their procedures.
 "IV. The trial court erred in its disposition, by imposing modified child support obligations from the juvenile defendant's mother to the Ohio Department of Youth Services, especially because no evidence of her income was taken and no guideline factors were even considered in direct contravention of all support statutes.
 "V. The trial court erred in its disposition, by without [sic] any evidentiary hearing, imposing joint and several liability for all restitution upon the custodial parents and juvenile defendants involved, or at least upon this juvenile and his custodial parent."
The following facts are relevant to this appeal. On June 21, 2000, a complaint in delinquency was filed charging appellant with felonious assault. The charges resulted from an incident that occurred on June 8, 2000, in which the victim was assaulted.
An adjudicatory hearing was held before a magistrate on July 19, 2000. A magistrate's decision was filed on July 27, 2000, in which the magistrate found appellant to be delinquent. Appellant timely filed objections but did not file a transcript as required by Juv.R. 40(E)(3)(b)[1]. On August 18, 2000, the trial court filed a judgment entry overruling appellant's objections.
On August 23, 2000, the trial court held a disposition hearing and filed a judgment entry in which appellant was committed to the legal custody of the Department of Youth Services ("DYS") for a minimum of one year and a maximum period not to exceed appellant's attainment of age twenty-one. On September 7, 2000, appellant's mother filed objections to the support and restitution obligations ordered in the judgment entry of August 23, 2000 and a motion for hearing. On September 19, 2000, appellant filed similar objections and a motion for hearing. These motions were not ruled upon before September 22, 2000, when appellant filed a notice of appeal from the judgment entry of August 23, 2000.
This court will address appellant's first two assignments of error together. In his first two assignments of error, appellant argues that the trial court erred in affirming the adjudication of the magistrate. This court will not address the merits of appellant's first two assignments of error.
A review of the record indicates appellant failed, in the trial court, to accompany his objections to the magistrate's decision with a transcript or an affidavit of all of the evidence that had been before the magistrate as required by Juv.R. 40(E)(3)(b). This rule provides, in pertinent part:
 "* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Under Juv.R. 40(E)(3), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Furthermore, because appellant failed to provide a transcript or affidavit of the evidence as required by Juv.R. 53(E)(3)(b), he cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. In the matter of O'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported; In the matter of Pollis (May 8, 1998), Trumbull App. No. 97-T-0066, unreported.
Although appellant provided a transcript of the hearing before the magistrate with the record on appeal to this court, that transcript was not part of the record before the trial court. In State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, the Ohio Supreme Court stated:
 "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. (Citations omitted.)
"* * *
 "Therefore, to the extent that [appellants] rely on evidence from the evidentiary hearing transcript which was not before the court * * * ruling on [appellants'] objections to the referee's report, their argument must fail. (Citations omitted.)"
See, also, High v. High (1993), 89 Ohio App.3d 424, 427. (Appellate court precluded from considering the transcript as it pertains to establishing or refuting the magistrate's or trial court's factual findings because the trial court itself was not so provided and, therefore, did not have an opportunity to review the testimony from which the magistrate drew her factual findings.) "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail
(1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, this court reviews the trial court's decision only for an abuse of discretion, i.e., whether, in adopting the magistrate's report, "the court's attitude [was] unreasonable, arbitrary or unconscionable." Stateex rel. Edwards v. Toledo City School Dist. Bd. Of Edn. (1995),72 Ohio St.3d 106, 107; Proctor v. Proctor (1988), 48 Ohio App.3d 55,63.
Although appellant disputes the magistrate's conclusions, he failed to provide the trial court with a transcript to support his contention that the magistrate was in error. Because appellant failed to provide a transcript of the July 19, 2000 magistrate's hearing for the trial court's review, the magistrate's findings of fact are considered established. Fogress v. McKee (Aug. 11, 1999), Liking App. No. 99CA15, unreported; Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported.
This court has reviewed the magistrate's findings of fact and find the aforementioned findings of fact were sufficient for the trial court to make an independent analysis and to apply appropriate law in reaching its judgment as required in Juv.R. 40(E)(4). This court further finds no abuse of discretion in the trial court's decision to adopt the magistrate's decision.
Accordingly, appellant's first two assignments of error are found not well-taken.
In his third assignment of error, appellant argues that there was not full discovery of statements of the other juvenile co-defendants and witnesses, an argument also asserted in his objections to the magistrate's decision. This court finds no merit in this assignment of error.
Appellant filed a written request for discovery on July 5, 2000. Appellee filed a discovery response on July 6, 2000. Appellant did not file another request prior to the adjudication hearing on July 19, 2000.
The Rules of Juvenile Procedure which control delinquency proceedings in juvenile court differ from the Rules of Criminal Procedure in regard to a continuing duty to disclose. Unlike Crim.R. 16, Juv.R. 24 contains no requirement that disclosures be updated. Therefore, a party seeking current information must either repeat its request or move for an order compelling discovery pursuant to Juv.R. 24(B). After appellee responded to the initial discovery request, appellant made no further requests and sought no order compelling discovery.
Under Juv.R. 24(C), the trial court can impose sanctions for failure to comply with discovery orders. A trial court is vested with discretion when faced with a failure to comply with discovery in a juvenile case.In re Johnson (1989), 61 Ohio App.3d 544, 548. Absent a motion to compel, the trial court in juvenile proceedings does not abuse its discretion in admitting evidence not previously disclosed by the state.In re Gilbert (Sept. 28, 1987), Butler App. No. CA86-10-144, unreported.
Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant argues that the trial court erred by imposing child support obligations on his mother while he is in custody of DYS. Appellant's mother, however, did not file a notice of appeal and, thus, is not a party to this appeal. This court need not reach the issue of whether the court erred by imposing child support obligations on his mother because we find that appellant lacks standing to assert this assignment of error. An appeal is permitted only to correct errors which injuriously affect an appellant. Ohio ContractCarriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, syllabus; State ex rel. Gabriel v. Youngstown (1996), 75 Ohio St.3d 618,619. See, also, In re Johnson (Nov. 30, 1990), Lucas App. No. L-90-011, unreported, (Resnick, M.L., J. concurrence) ("* * * the sole purpose of an appeal is to correct errors injuriously affecting the appealing
party. (Emphasis sic)") Therefore, an appellant generally does not have standing to argue issues affecting another person.
However, an appellant may "complain of errors committed against a non-appealing party when the error is prejudicial to the rights of the appellant." In re Smith (1991), 77 Ohio App.3d 1, 13. In In re Rackley
(Apr. 8, 1998), Summit App. No. 18614, unreported, the court stated "an appellant may not challenge an alleged error committed against a non-appealing party absent a showing that she herself has been prejudiced by the alleged error." See, also, State v. Ward (Sept. 21, 1988), Summit App. No. 13462, unreported; In re Matis (May 24, 1995), Summit App. No. 16961. In the case sub judice, appellant alleges that the trial court's imposition of child support obligations on his mother while he is in custody of DYS was prejudicial error. However, appellant has made no showing that he was actually prejudiced by this alleged error. Absent such a showing, appellant lacks standing to raise this issue.
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant advances two arguments. Appellant first argues that the trial court erred in ordering restitution without holding an evidentiary hearing on the existence of damages and the proper amount of restitution. This court finds merit in this argument.
In the resolution of appellant's fourth assignment of error, this court found appellant did not have standing to argue issues affecting other persons as there was no showing that appellant was prejudiced by the alleged error committed against a non-appealing party. However, the error complained of in this assignment of error involved the imposition of liability on his parents and appellant. In Wigton v. Lavender (1984),9 Ohio St.3d 40, syllabus, the Ohio Supreme Court held that:
 "Where one party appeals from a judgment, a reversal as to him will not justify a reversal against other non-appealing parties unless the respective rights of the appealing party and non-appealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment."
In State ex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245, 250, the court acknowledged that a court of appeals may "protect a prevailing appellant's interests by providing a windfall to a nonappealing coparty, as opposed to the defeated appellee." In this assignment of error, due to the nature of the trial court's order as to restitution, appellant's rights "are * * * interwoven or dependent" with the rights of the non-appealing parties, his parents.
As noted by this court in In the matter of Alonzo B. (Feb. 12, 1999), Erie App. No. E-98-050, unreported:
 "Before setting the amount of restitution owed, the juvenile court must hold an evidentiary hearing. In re Holmes (1980), 70 Ohio App.2d 75, 76-77, 434 N.E.2d 747; In the matter of: Joshua [B.] (June 26, 1998), Richland App. No. 97CA112, unreported."
This court concluded in In the matter of Alonzo B. that the failure to hold an evidentiary hearing on the amount of restitution owed deprived the juvenile of due process. See, also, In the matter of: Hayes (May 29, 2001), Franklin App. Nos. 00AP-888 and 00AP-889, unreported.
In the case sub judice, the record shows that the juvenile court never held an evidentiary hearing on the amount of restitution owed. Thus, the juvenile court erred in not holding an evidentiary hearing.
As to appellant's argument that the trial court erred by imposing joint and several liability for restitution upon his parents and appellant, it is not necessary for this court to reach this issue because this issue is not ripe for decision as we are remanding for an evidentiary hearing on the amount of restitution owed.
Accordingly, appellant's fifth assignment of error is found well-taken to the extent that the juvenile court erred in not holding an evidentiary hearing.
On consideration whereof, the decision of the Erie Court of Common Pleas, Juvenile Division, is affirmed, in part, and reversed, in part. The decision of that court imposing restitution is reversed; all other portions of the decision are affirmed. This case is remanded to the trial court for further proceedings consistent with this decision. Court costs of this appeal are assessed to equally between appellant and appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ___________________________ Peter M. Handwork, J.
Melvin L. Resnick, J. and James R. Sherck, J. CONCUR.
[1] Juv.R. 40(E), which is identical to Civ.R. 53(E), provides:
 "(E) Decisions in referred matters. Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to matters on which magistrates are permitted by division (C)(3) of this rule to enter orders without judicial approval, all matters referred to magistrates shall be decided as follows:
 "(1) Magistrate's decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall then prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all parties or their attorneys.
 "(2) Findings of fact and conclusions of law. If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision.
"(3) Objections.
 "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the decision. If any party timely files objections, any other party also may file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
"(4) Court's action on magistrate's decision.
 "(a) When effective. The magistrate's decision shall be effective when adopted by the court as noted in the journal record. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 "(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself. In delinquency, unruly, or juvenile traffic offender cases, the court may hear additional evidence or hear the matter itself only with the consent of the child. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
 "(c) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of a magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days."