OPINION
This delayed appeal is taken from a final judgment of the Juvenile Division of the Lake County Court of Common Pleas adjudicating appellant, Michael A. Clemens, a delinquent child. For the reasons that follow, we affirm the judgment of the juvenile court.
On July 16, 1999, appellant was charged with one count of felony theft, in violation of R.C. 2913.02. The case proceeded to an adjudicatory hearing before a magistrate on September 16, 1999, during which the victim and one of the arresting officers testified. After considering the evidence, the magistrate issued a decision on November 22, 1999, adjudicating appellant a delinquent child as alleged in the complaint.[1] The juvenile court subsequently reviewed the magistrate's decision and adopted it in its entirety.
A dispositional hearing was held on December 10, 1999. Five days later, the magistrate issued a written decision in which she recommended that appellant be committed to the Department of Youth Services for a minimum of six months and a maximum period not to exceed the age of twenty-one. This sentence was suspended upon the condition that appellant obey all court orders and state laws. However, the magistrate further recommended that appellant, among other things, immediately pay reasonable restitution to the victim. Appellant did not file objections to the magistrate's decision, and after reviewing the recommendations, the juvenile court adopted the decision in its entirety.
On May 20, 2000, appellant was arrested for violating curfew. Appellant admitted the violation and waived his right to a probable cause and final hearing. Upon recommendation of the probation review board, the juvenile court ordered appellant to spend forty-five days in the youth detention center.
After appellant's release, the magistrate held a review hearing on the issue of restitution on August 2, 2000. During the proceedings, it was determined that appellant had not yet fulfilled his financial obligations as previously ordered. As a result, the magistrate suspended appellant's right to apply for a driver's license upon obtaining the age of sixteen until restitution was paid in full. Appellant did not file objections to this decision.
Shortly thereafter, appellant again violated the terms of his probation when he failed to appear for a scheduled probation review hearing. Appellant admitted the violation, and the magistrate issued a decision recommending that appellant's suspended sentence be imposed. As before, the juvenile court reviewed the magistrate's decision and adopted it in its entirety on August 29, 2000.
On January 9, 2001, appellant filed a motion for a delayed appeal with this court, which we granted. He now raises the following assignments of error for our consideration:
 "[1.] The state failed to meet its burden to prove that the admissions of the defendant were made voluntarily.
 "[2.] The defendant was denied the effective assistance of counsel when his trial attorney failed to move to suppress the defendant's incriminating statements.
 "[3.] It was error for the court to enter an order requiring the defendant to pay $708.20 in restitution to the victim."
Before proceeding to the merits, we would note that appellant's appellate brief primarily focuses on issues that are outside the scope of this delayed appeal. In his motion for leave to file a delayed appeal, appellant asked "the court to grant him leave to appeal from his adjudication and commitment for Theft, a felony 5, entered on August 29, 2000 in Lake County Court of Common Pleas, Juvenile Division case number 99 DL 1484." The August 29, 2000 judgment entry, however, only concerns the juvenile court's decision to impose appellant's suspended sentence for a probation violation, and does not involve the soundness of his conviction or sentence. Nevertheless, considering appellant was acting pro se, and in the interest of justice, we will consider appellant's assignments of error.
Under his first assignment of error, appellant argues that the juvenile court should have excluded two statements he made to the police because the state failed to prove that the statements were voluntarily given. We disagree.
Juv.R. 22(D)(3) states that a motion to suppress evidence on the ground that the evidence was illegally obtained must be heard and ruled upon before the adjudicatory hearing. See, also, State v. Lott (Dec. 26, 1997), 11th Dist. No. 96-A-0011, 1997 WL 799426, at 3. Appellant, however, did not challenge the admissibility of his statements until now. Accordingly, appellant's failure to enter a timely objection precludes this court from considering this argument for the first time on appeal. In re Nunn (Dec. 5, 1995), 5th Dist. No. CA 95 09, 1995 WL 768544, at 1-2. See, also, In re Vanek (Sept. 29, 1995), 11th Dist. No. 95-A-0027, 1995 WL 787429, at 2-3 (holding that the failure to object to the sufficiency of the pleadings before the adjudicatory hearing results in a waiver of that issue on appeal).
Assuming arguendo that appellant properly objected to the admission of the statements, his assignment of error is still without merit. Although he is correct that an involuntary confession is inadmissible at trial, the state is not required to prove that the confession was given voluntarily unless the defendant first challenges the constitutional validity of the confession. Stated differently, the state has the burden of proving by a preponderance of the evidence that a statement was given voluntarily if, and only if, the defendant moves to suppress the statement. State v. Jett (Mar. 31, 1998), 11th Dist. No. 97-P-0023, 1998 WL 258166, at 2; State v. Comstock (Aug. 29, 1997), 11th Dist. No. 96-A-0058, 1997 WL 531304, at 2.
"On the other hand, the state's burden at trial is to prove the elements of the offense beyond a reasonable doubt." State v. Powell
(Dec. 31, 1998), 11th Dist. No. 97-L-253, 1998 WL 965991, at 3. "Thus, the prosecution bears the burden of developing a different factual table in a suppression exercise than in a trial setting." Id.
Here, because appellant did not file a motion to suppress or otherwise challenge the admissibility of the statements, the state was not required to prove that they were voluntarily given. Therefore, appellant's first assignment of error is not well-taken.
In assignment of error two, appellant submits that he was denied the effective assistance of counsel because his attorney did not file a motion to suppress or otherwise object to the admission of his statements given to police on the night of the incident. Appellant argues that a motion to suppress would have been appropriate because there was no evidence indicating that he was given his Miranda warnings prior to talking with the police officer. In fact, he maintains that he was threatened with a more severe punishment if he did not apologize to the victim.
The standard for determining whether or not a criminal defendant has been afforded his right to effective assistance is well-settled in Ohio. To be successful on such a claim, a criminal defendant must meet the two-pronged test originally articulated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668, and subsequently adopted by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. See, also, State v.Swick, 11th Dist. No. 97-L-254, 2001-Ohio-8831, 2001 Ohio App. LEXIS 5857, at 4.
First, a defendant must be able to show that his trial counsel was deficient in some aspect of his representation. Bradley at 141. This requires a showing that trial counsel made errors so serious that, in effect, the attorney was not functioning as the "counsel" guaranteed by both the United States and Ohio Constitutions. Id.
Second, a defendant must be able to show that the deficient performance prejudiced his defense. Id. at 142. This requires a showing that there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 142.
There is a strong presumption in Ohio that a licensed attorney is competent. State v. Smith (1985), 17 Ohio St.3d 98, 100. Accordingly, to overcome this presumption, a defendant must show that the actions of his attorney did not fall within a range of reasonable assistance. State v.Smith (Dec. 22, 2000), 11th Dist. Nos. 99-P-0039 and 99-P-0040, 2000 Ohio App. LEXIS 6115, at 18.
Debatable strategic and tactical decisions will not form the basis of a claim for ineffective assistance of counsel, even if there had been a better strategy available. State v. Phillips, 75 Ohio St.3d 72, 85,1995-Ohio-171. More specific to this case, a criminal defendant's constitutional right to effective assistance of counsel does not require that an attorney file a motion to suppress in every case. State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448; State v. Payton (1997),119 Ohio App.3d 694, 704. Instead, "where there exists reasonable grounds for filing a motion to suppress, counsel's failure to file the motionmay constitute ineffective assistance and warrant reversal." (Emphasis added.) Payton at 704.
To show that his attorney was ineffective for failing to file a motion to suppress, appellant must point to instances in the record demonstrating that there is a reasonable probability that but for the failure to file the motion, the result of the proceeding would have been different. Lott at 3. That is to say, appellant must show that there is a reasonable probability that his statements would have been suppressed, and as a result, he would have been found not guilty of theft. Powell, 1998 WL 965991, at 4.
After looking at the record, this court concludes that appellant has not demonstrated that the outcome would have been different if his attorney had filed a motion to suppress. Although appellant argues he was never read his Miranda rights upon being taken into custody, he has provided no evidence to substantiate his claim. This court will not assume that simply because Patrolman Rick Isabella ("Patrolman Isabella"), who testified at the adjudicatory hearing, never mentioned Mirandizing
appellant he must have failed to do so.
There is also nothing in the record to support appellant's claim that he was forced to apologize or face a more severe punishment. While Patrolman Isabella admitted on cross-examination that he asked appellant to offer an apology to the victim, there is no indication that the officer made the request in a threatening or menacing manner. Rather, Patrolman Isabella, who knew appellant through a community outreach program, testified that he told appellant he would "do everything [he] could to help [him] out."
Appellant has failed to demonstrate that his trial attorney's performance was deficient by failing to file a motion to suppress. "`Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.'"State v. Tibbetts, 92 Ohio St.3d 146, 166, 2001-Ohio-132, quoting Statev. Gibson (1980), 69 Ohio App.2d 91, 95. The record before this court does not disclose the particulars surrounding appellant's statements; thus, we can not examine the totality of the circumstances in order to ascertain whether the police obtained appellant's statements through inappropriate conduct. Appellant's second assignment of error has no merit.
Under his third assignment of error, appellant argues that the juvenile court erred when it ordered him to pay the victim $708.20 in restitution. In support, appellant maintains that he was denied an evidentiary hearing on the issue of restitution, that he was denied the right to counsel at the August 2, 2000 review hearing, and that he should not be required to pay restitution because the victim's property was returned to her.
Appellant is correct that an evidentiary hearing must be held before a juvenile court can order an offender to pay restitution. In re Holmes
(1980), 70 Ohio App.2d 75. However, all three of appellant's arguments relate to the August 2, 2000 review hearing, and it is quite clear that appellant was not ordered to pay restitution at that time. Instead, it was in the December 15, 1999 dispositional judgment entry that the juvenile court ordered appellant to pay reasonable restitution to the victim. The only purpose of the review hearing was to determine whether appellant had begun making payments to the victim in this case, and to several other victims in unrelated matters.
Nevertheless, even if appellant had properly appealed from this decision, he would not be able to raise the issue of restitution on appeal because he failed to properly file objections to the magistrate's December 15, 1999 decision. Juv.R. 40(E)(3)(b) provides that if a party fails to file timely objections to a magistrate's decision, that party may not assign as error on appeal the juvenile court's adoption of any finding of fact or conclusion of law in the magistrate's decision. See, also, Batsch v. Tress (Sept. 7, 2001), 11th Dist. No. 2000-P-0022, 2001 WL 1023523, at 3.
However, even if no objections are filed, the juvenile court is still obligated to review the magistrate's decision to determine whether there is "`an error of law or other such defect on the face of the magistrate's decision.'" Id. at 4, quoting Juv.R. 40(E)(4)(a). In the instant matter, the juvenile court reviewed the magistrate's December 15, 1999 decision and did not find any such errors or defects. Furthermore, after looking at the decision, this court also concludes that there are no defects or errors on the face of the magistrate's decision. Thus, we are precluded from addressing appellant's arguments with respect to the issue of restitution.
Having said that, there appears to be a question as to whether at least some of the victim's property was returned. Furthermore, it is unclear from the record what the $708.20 restitution figure includes. These matters, however, are not properly before this court at this time. Accordingly, appellant should file a motion with the juvenile court to clarify these issues so that a proper basis for appeal may be established. Appellant's third assignment of error has no merit.
Based on the foregoing analysis, appellant's three assignments of error are without merit. The judgment of the juvenile court, therefore, is affirmed.
ROBERT A. NADER, J., concurs, WILLIAM M. O'NEILL, P.J., dissents with Dissenting Opinion.
[1] Appellant was also found to be an unruly child for violating curfew.