OPINION
{¶ 1} Defendant-Appellant, Rex A. Kuhn, appeals a judgment of the Defiance County Court of Common Pleas, sentencing him upon his convictions for reckless homicide with a gun specification, tampering with evidence and possession of cocaine. Finding that the judgment entry being appealed is not a final appealable order, the appeal is dismissed.
 {¶ 2} In May of 2004, officers of the Defiance County Sheriff's Department were called to a residence at 21260 Switzer Road in Defiance, Ohio, where they found the body of Cyrus Tyler Oelke. Further investigation determined that Oelke's cause of death was caused by a 22-caliber gunshot wound to the chest.
 {¶ 3} Subsequently, Kuhn was indicted for one count of aggravated murder in violation of R.C. 2903.01(A), a felony of the first degree, one count of murder in violation of R.C.2903.02(A), a felony of the first degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of possession of cocaine in violation of R.C. 2925.11(C)(4)(a), a felony of the fifth degree.
 {¶ 4} In August of 2004, Kuhn filed a motion to suppress the oral, taped and written statements made by Kuhn during the course of the investigation in this case, pursuant to Miranda v.Arizona (1966), 384 U.S. 436. Following a hearing on Kuhn's motion to suppress, trial court denied his motion to suppress in a written judgment entry.
 {¶ 5} In April of 2005, Kuhn was tried upon the above indictment. Following the presentation of all the evidence, the jury found Kuhn not guilty of aggravated murder, murder and voluntary manslaughter; however, Kuhn was found guilty of the lesser included offense of reckless homicide with a gun specification, tampering with evidence, and possession of cocaine. Subsequently, Kuhn was sentenced upon his convictions and ordered to pay restitution "to the victim's family for funeral and burial expenses of the decedent."
 {¶ 6} It is from this judgment Kuhn appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULINGAPPELLANT'S MOTION TO SUPPRESS.
 Assignment of Error No. II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY IMPOSINGCONSECUTIVE SENTENCES.
 Assignment of Error No. III THE TRIAL COURT COMMITTED AN ERROR OF LAW BY NOT IMPOSING THESHORTEST SENTENCE.
 {¶ 7} Before addressing the enumerated assignments of error, we note that upon review of the record we find that the judgment entry is not a final appealable order pursuant to R.C. 2505.02. Accordingly, we must address such jurisdictional issues sua sponte.
 {¶ 8} As noted above, the judgment entry ordered Kuhn to pay restitution "to the victim's family for funeral and burial expenses of the decedent." However, the judgment entry does not set forth either a specific amount of restitution or the method of payment. Because the judgment entry does not settle either "the amount of restitution [or] the method of payment," it is not a final appealable order. In re Holmes (1980),70 Ohio App.2d 75, 77; see, also, In re Zakov (1995), 107 Ohio App.3d 716. Furthermore, there is nothing in the record from which such an amount could be ascertained.
 {¶ 9} Having found that the order appealed in the case sub judice is not a final appealable order, we lack jurisdiction to address the issues raised. Accordingly, the appeal is dismissed.
Appeal Dismissed.
 Bryant, P.J. and Shaw, J., concur.