OPINION *Page 2 
{¶ 1} Defendant-appellant Rex A. Kuhn appeals the decision of the Defiance County Court of Common Pleas to re-sentence him to a cumulative prison term of 13 years. For the reasons that follow, we affirm.
 {¶ 2} On May 14, 2004, Kuhn was indicted for one count of murder in violation of R.C. 2903.02(A), with a firearm specification; one count of aggravated murder in violation of R.C. 2903.01(A), with a firearm specification; one count of tampering with evidence in violation of R.C.2921.12(A)(1), a third-degree felony; and one count of possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony. Each count stemmed from the shooting death of a single victim, Cyrus Tyler Oelke, in Defiance County, Ohio.
 {¶ 3} On April 5, 2005, the trial court held a jury trial in this case. The jury found Kuhn not guilty of murder, aggravated murder, and voluntary manslaughter. But the jury found Kuhn guilty of the lesser-included offense of reckless homicide, a firearm specification, tampering with evidence, and possession of cocaine. The trial court subsequently accepted the jury's respective not guilty and guilty verdicts.
 {¶ 4} On May 26, 2005, the trial court sentenced Kuhn to a five-year prison term for reckless homicide; a three-year prison term for the firearm specification; a five-year prison term for tampering with evidence; and a six-month *Page 3 
prison term for possession of cocaine. The trial court ordered Kuhn to serve each of the five-year prison terms and the three-year prison term consecutively, and the six-month prison term concurrently, thereby imposing a cumulative prison term of 13 years. Notably, the trial court also ordered Kuhn to pay restitution to Oelke's family for funeral and burial expenses.
 {¶ 5} On June 28, 2005, Kuhn appealed to this court. In his appeal, Kuhn challenged the trial court's decision to deny his pretrial motion to suppress evidence, as well as his prison sentence. Kuhn's appeal was dismissed for lack of a final, appealable order; neither the judgment entry nor any other part of the record set forth the amount of restitution. State v. Kuhn, 3d Dist. No. 4-05-23, 2006-Ohio-1145, at ¶ 8. The trial court later issued another judgment entry that corrected the omission.
 {¶ 6} On May 15, 2006, Kuhn appealed to this court for a second time, asserting the same arguments that he raised in his prior appeal. Among other things, this court held State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, rendered Kuhn's sentence void. State v.Kuhn, 3d Dist. No. 4-06-16, 2006-Ohio-5390, at ¶ 20. Consequently, this court remanded this case for re-sentencing and deemed moot the issue of whether re-sentencing violated the Ex Post Facto Clause in the United States Constitution and/or due process. Id. *Page 4 
 {¶ 7} On January 10, 2007, the trial court held a new sentencing hearing, where the trial court re-sentenced Kuhn to the same four prison terms. Again, the trial court ordered Kuhn to serve the two five-year prison terms and the three-year prison term consecutively, and the six-month prison term concurrently. The trial court thus re-sentenced Kuhn to the same cumulative prison term of 13 years.
 {¶ 8} Kuhn now appeals to this court and sets forth one assignment of error for our review. We quote Kuhn's assignment of error exactly as it appears in his brief.
 ASSIGNMENT OF ERROR The judicially created felony sentencing statutes pursuant to State v. Foster violate the due process clause.
 {¶ 9} In his sole assignment of error, Kuhn argues the trial court erred when it re-sentenced him in accordance with judicially-created sentencing law that violated the Ex Post Facto Clause and due process. More specifically, Kuhn argues the retroactive application of State v.Foster violated the Ex Post Facto Clause and due process by increasing the penalty for the felony offenses at issue.
 {¶ 10} For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we find Kuhn's arguments lack merit. Kuhn committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major shift in criminal sentencing law. And, because the statutory *Page 5 
sentencing range for the offenses at issue has remained unchanged, Kuhn faced the same potential penalties for his unlawful conduct beforeFoster that he did after Foster. Kuhn has failed to set forth a persuasive reason to deviate from this court's prior, controlling precedent.
 {¶ 11} For the foregoing reasons, we overrule Kuhn's sole assignment of error.
 {¶ 12} Having found no error prejudicial to Kuhn in the particulars assigned and argued, we affirm.
Judgment affirmed.
 SHAW and WILLAMOWSKI, JJ., concur.
 r *Page 1