[Cite as *State v. Hartley*, 2010-Ohio-2018.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,                                    CASE NO. 14-09-42

   PLAINTIFF-APPELLEE,

 v.

KEITH HARTLEY,                                    **O P I N I O N**

   DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 08-CR-0071

**Appeal Dismissed**

**Date of Decision:  May 10, 2010**

APPEARANCES:

   *Alison Boggs,* for Appellant

   *Terry L. Hord,* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Keith A. Hartley, appeals the judgment of the Court of Common Pleas of Union County convicting him of two counts each of receiving stolen property and tampering with evidence, and ordering him to serve an aggregate nine-year and ten-month prison term. On appeal, Hartley argues that his trial counsel was ineffective and that the trial court erred in ordering him to serve consecutive prison terms.

{¶2} Before we can reach the merits of Hartley's assignments of error, we must first determine whether jurisdiction exists to hear this appeal.

{¶3} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Crim.R. 32(C). *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88; *State v. Teague*, 3d Dist. No. 9-01-25, 2001-Ohio-2286. Additionally, the issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte. *Chef Italiano Corp.*, 44 Ohio St.3d at 87.

{¶4} R.C. 2505.02(B) discusses final orders and provides, in pertinent part:

> **(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:**

> **(1)**     **An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;**

As R.C. 2505.02(B) requires a final order to "determine the action" and "prevent a judgment," "'[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696, 2001-Ohio-2593.  Further, "'[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for determination of the court.'"  *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶45, quoting *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, ¶20.

{¶5} Here, the trial court's November 2009 judgment entry ordered Hartley to pay "restitution *to the victims herein* in the total amount of $32,275.57 which was the amount agreed to by the Defendant and the State of Ohio.  Said restitution amount shall be paid through the Union County Clerk of Court's Office" (Emphasis added) (Nov. 2009 Judgment Entry, pp. 1-2).  However, the November 2009 Judgment Entry did not list any victims, did not describe how the restitution would be allocated among the victims, and did not incorporate any document providing this information.  Accordingly, we find that the judgment

entry appealed from left unresolved issues and contemplated further action. As such, the judgment entry was not a final appealable order, and this Court is without jurisdiction to determine this appeal. Cf. *State v. Kuhn*, 3d Dist. No. 4-05-23, 2006-Ohio-1145, ¶8 (finding that judgment entry failing to set forth a specific amount of restitution or method of payment was not a final appealable order).

{¶6} Accordingly, we must dismiss Hartley's appeal for lack of jurisdiction.

*Appeal Dismissed*

**WILLAMOWSKI, P.J., and SHAW, J., concur.**

**/jnc**