[Cite as *State v. Holdcroft*, 2010-Ohio-4290.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 16-10-01

    v.

HENRY ALLEN HOLDCROFT,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 98-CR-0044

Appeal Dismissed

Date of Decision: September 13, 2010

APPEARANCES:

    *Keith O'Korn*  for Appellant

    *Jonathan K. Miller*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Henry Allen Holdcroft (hereinafter "Holdcroft"), appeals the Wyandot County Court of Common Pleas' judgment of conviction and sentence. For the reasons stated herein, we dismiss the appeal.

{¶2} On November 13, 1998, the Wyandot County Grand Jury indicted Holdcroft on three (3) counts, including: count one (1) of aggravated arson in violation of R.C. 2909.02(A)(3), a first degree felony; count two (2) of complicity to commit aggravated arson in violation of R.C. 2923.03(A)(1), a first degree felony; and count three (3) of arson in violation of R.C. 2909.03(A)(4), a third degree felony. (Doc. No. 1).

{¶3} On June 9, 1999, the State filed a motion to dismiss count two of the indictment on the basis that the charge was an allied offense of similar import to count one, aggravated arson. (Doc. No. 58). The trial court granted the State's motion to dismiss count two on June 25, 1999. (Doc. No. 79).

{¶4} On July 6-9, 1999, a jury trial was held on the remaining two counts of the indictment against Holdcroft. (Scheduling Order, Doc. No. 49). The jury returned guilty verdicts on both counts. (Doc. Nos. 106-107). On July 29, 1999, the trial court filed a judgment entry of conviction. (Doc. No. 114).

{¶5} On September 10, 1999, the trial court sentenced Holdcroft to ten (10) years imprisonment on count one, aggravated arson, and five (5) years

imprisonment on count three, arson. (Sept. 13, 1999 JE, Doc. No. 116). The trial court ordered "that the sentence imposed for Count Three shall be served consecutively to the sentence imposed in Count One." (Id.). Holdcroft was ordered to make restitution to Kathy Hurst (the victim), or the insurance carrier, in the sum of $5,775.00, and $400.00 to Eric Goodman. (Id.). The trial court also notified Holdcroft "that a period of post-release control shall be imposed," and that if he violated his post-release control further restrictions upon his liberty could follow as a consequence. (Id.). Holdcroft was also taxed with the costs of prosecution and all other fees permitted under R.C. 2929.18(A)(4). (Id.).

{¶6} On September 14, 1999, Holdcroft filed a notice of appeal pro se. (Doc. No. 117). The trial court thereafter appointed appellate counsel, and the appeal was assigned case no. 16-99-04. (Doc. Nos. 124, 125). The State filed a notice of cross-appeal on October 13, 1999 related to the trial court's judgment entry concerning the admission of other acts evidence under Evid.R. 404(B).[1] (Doc. No. 130). On appeal, Holdcroft asserted one assignment of error arguing that his convictions were against the manifest weight of the evidence. *State v. Holdcroft* (Mar. 31, 2000), 3d Dist. No. 16-99-04, at *1. This Court overruled Holdcroft's assignment of error, sustained the State's assignment of error, and upheld the convictions. Id.

---

[1] This Court granted the State leave to file this appeal in the interests of justice even though the State mistakenly filed the appeal with this Court rather than the trial court. (See Oct. 29, 1999 JE, Doc. No. 130).

{¶7} While his direct appeal was pending before this Court, Holdcroft filed a motion for the appointment of counsel in order to pursue post-conviction relief. (Doc. No. 131). The trial court granted Holdcroft's motion and appointed counsel on February 3, 2000. (Doc. No. 132).

{¶8} On May 5, 2000, Holdcroft, pro se, filed a notice of appeal to the Ohio Supreme Court from this Court's March 31, 2000 decision. (Doc. No. 134). The Ohio Supreme Court, however, declined review. *State v. Holdcroft* (2000), 89 Ohio St.3d 1464, 732 N.E.2d 997.

{¶9} On June 9, 2000, Holdcroft, through appointed appellate counsel, filed a motion for a new trial, along with a motion to withdraw as appellate counsel. (Doc. Nos. 135-36). The trial court granted the motion to withdraw but denied the motion for a new trial. (Doc. Nos. 138, 141). On June 26, 2000, Holdcroft filed a motion for judicial release, which the trial court also denied. (Doc. Nos. 135, 139).

{¶10} On July 13, 2006, Holdcroft filed a "motion to vacate or set aside and modify sentence pursuant to R.C. 2945.25 (A) & Crim.R. 52(B)." (Doc. No. 161). On July 20, 2006, the trial court overruled the motion, finding it was untimely and lacked substantive merit "as the Defendant was not convicted of allied offenses of similar import. There were separate and distinct felonies

committed by the Defendant, one involving a dwelling and the other involving an automobile." (Doc. No. 163).

**{¶11}** On August 16, 2006, Holdcroft, pro se, filed a notice of appeal from the trial court's denial of his motion. (Doc. No. 165). On appeal, Holdcroft argued that his sentence was void because he was sentenced on two offenses that were allied offenses of similar import. This Court overruled Holdcroft's assignment of error, finding that his motion was an untimely post-conviction motion, and, under a plain error analysis, that the offenses were not allied offenses of similar import. *State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-586.

**{¶12}** On December 11, 2009, the State filed a motion to correct Holdcroft's sentence pursuant to R.C. 2929.191. (Doc. No. 186). On December 30, 2009, the State filed a motion for a de novo sentencing hearing to correct Holdcroft's sentence pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. (Doc. No. 195). On January 5, 2010, the trial court granted the State's motion for a de novo sentencing hearing. (Doc. No. 198).

**{¶13}** On January 26, 2010, the trial court conducted a de novo sentencing hearing. (Feb. 2, 2010 JE, Doc. No. 205). The trial court sentenced Holdcroft to ten (10) years on count one and five (5) years on count three. (Id.). The trial court further ordered that the term of imprisonment imposed on count three be served consecutively to the term of imprisonment imposed on count one for an aggregate

term of fifteen (15) years. (Id.). The trial court notified Holdcroft that he would be subject to five (5) years of mandatory post-release control as to count one and three (3) years of optional post-release control as to count three after imprisonment. (Id.); (Jan. 26, 2010 Tr. at 23). The trial court noted that the terms of post-release control would not be served consecutively to each other. (Feb. 2, 2010 JE, Doc. No. 205); (Jan. 26, 2010 Tr. at 23). The trial court also ordered that Holdcroft "pay restitution to Kathy Hurst, or the insurance carrier, in the sum of $5,775.00; and make restitution to Eric Goodman in the amount of $400.00." (Feb. 2, 2010 JE, Doc. No. 205).

{¶14} On February 12, 2010, Holdcroft filed a notice of appeal from the trial court's judgment entry of sentence, which is the present appeal. (Doc. No. 210). Holdcroft now appeals raising the following nine (9) assignments of error:

**ASSIGNMENT OF ERROR NO. I**

**THE COURT LACKED JURISDICTION TO IMPOSE MANDATORY POST-RELEASE CONTROL UPON THE APPELLANT.**

**ASSIGNMENT OF ERROR NO. II**

**THE CONSECUTIVE, MAXIMUM SENTENCES VIOLATED THE 6TH AMENDMENT TO THE U.S. CONSTITUTION, AND THE DUE PROCESS CLAUSES CONTAINED IN THE OHIO AND U.S. CONSTITUTIONS.**

**ASSIGNMENT OF ERROR NO. III**

**THE MAXIMUM, CONSECUTIVE SENTENCES AND THE RESTITUTION ORDER WERE CONTRARY TO LAW AND ABUSIVE.**

**ASSIGNMENT OF ERROR NO. IV**

**THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING THE APPELLANT ON AGGRAVATED ARSON AND ARSON COUNTS IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT OF THE U.S. CONSTITUTION, ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION AND OHIO'S MULTIPLE-COUNT STATUTE.**

**ASSIGNMENT OF ERROR NO. V**

**THE SENTENCE SHOULD BE REVERSED AS IT VIOLATES CRIMINAL RULE 32, AND THE 5TH, 6TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION, BECAUSE IT WAS IMPOSED OVER TEN YEARS AFTER THE GUILTY VERDICT.**

**ASSIGNMENT OF ERROR NO. VI**

**THE COURT ERRED WHEN IT FAILED TO CHANGE THE VENUE OR GRANT A MISTRIAL DUE TO JURY TAINT AND JURY MISCONDUCT THAT VIOLATED THE 6TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.**

**ASSIGNMENT OF ERROR NO. VII**

**THE COURT ERRED IN ADMITTING OTHER ACTS EVIDENCE IN VIOLATION OF EVID.R. 403 AND 404, THUS DEPRIVING APPELLANT OF A FAIR TRIAL UNDER THE 6TH AND 14TH AMENDMENTS TO THE U.S.**

**CONSTITUTION, AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.**

**ASSIGNMENT OF ERROR NO. VIII**

**APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE 1, SECTIONS 1 & 16 OF THE OHIO CONSTITUTION, AND THE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**ASSIGNMENT OF ERROR NO. IX**

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 10, 16 OF THE OHIO CONSTITUTION.**

**{¶15}** Before this Court may address Holdcroft's assignments of error, we must first determine whether jurisdiction exists to hear this appeal.

**{¶16}** The Courts of Appeals in Ohio has appellate jurisdiction over "final appealable orders." Section 3(B)(2), Article IV of the Ohio Constitution. If an appealed judgment is not a final order, the Appellate Court has no jurisdiction to consider it and the appeal must be dismissed. *State v. Sandlin*, 4th Dist. No. 05CA23, 2006-Ohio-5021, ¶9, citing *Davison v. Rini* (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701. Moreover, this Court must raise jurisdictional issues sua

sponte. *Sandlin*, 2006-Ohio-5021, at ¶9. See, also, *In re Murray* (1990), 52 Ohio St.3d 155, 159-60, 556 N.E.2d 1169, at fn. 2; *Whitaker-Merrell Co. v. Geupel Const. Co.* (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

**{¶17}** R.C. 2505.02 defines a final order, in relevant part, as: "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Since R.C. 2505.02(B)(1) requires a final order to "determine[] the action" and "prevent[] a judgment," "'[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶4, quoting *Bell v. Horton* (2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241. Furthermore, "'[f]or an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for determination of the court.'" *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶45, quoting *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶20.

**{¶18}** In pertinent part, the trial court ordered that Holdcroft "pay restitution to Kathy Hurst, *or* the insurance carrier, in the sum of $5,775.00." (Feb. 2, 2010 JE, Doc. No. 205) (Emphasis added). In *State v. Kuhn*, we found that a

restitution order must set forth "the amount of restitution [or] the method of payment" in order to be a final appealable order under R.C. 2505.02. 3d Dist. No. 4-05-23, 2006-Ohio-1145, ¶8, citing *In re Holmes* (1980), 70 Ohio App.2d 75, 77, 434 N.E.2d 747 and *In re Zakov* (1995), 107 Ohio App.3d 716, 669 N.E.2d 344. More recently, in *State v. Hartley* this Court was presented with a judgment entry that ordered the defendant to pay restitution "to the victims herein in the total amount of $32,275.57." 3d Dist. No. 14-09-42, 2010-Ohio-2018, ¶5. This Court determined that the judgment entry in *Hartley* was not a final appealable order under R.C. 2505.02(B)(1), reasoning as follows:

> **[T]he November 2009 Judgment Entry did not list any victims, *did not describe how the restitution would be allocated among the victims*, and did not incorporate any document providing this information. Accordingly, we find that the judgment entry appealed from left unresolved issues and contemplated further action. As such, the judgment entry was not a final appealable order, and this Court is without jurisdiction to determine this appeal.**

Id. (emphasis added).

{¶19} Like the judgment entry in *Hartley*, the judgment entry here fails to allocate the $5,775.00 in restitution between the victim, Kathy Hurst, and the insurance company or incorporate any document reflecting the allocation. While the total amount of restitution ordered by the trial court is equal to the amount of damage sustained by the Hurst's vehicle as a direct result of Holdcroft's criminal conduct, the record indicates that Hurst's insurance company compensated her for

the damages (or paid for the repairs), minus her deductible. (Estimate, State's Ex. 60); (See, e.g., PSI at 7). Therefore, the judgment entry leaves unresolved the exact amount owed to Hurst and the insurance company, respectively. As such, the judgment entry appealed from is not a final appealable order as provided in R.C. 2505.02(B)(1) over which this Court may exercise jurisdiction. *Hartley*, 2010-Ohio-2018, at ¶5.

{¶20} Holdcroft's appeal is, therefore, dismissed for lack of jurisdiction.

*Appeal Dismissed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**