[Cite as *State v. Holdcroft*, 2010-Ohio-6262.]


# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# WYANDOT COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 16-10-04

    v.

HENRY ALLEN HOLDCROFT,           O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Wyandot County Common Pleas Court
Trial Court No. 98-CR-0044

Judgment Affirmed

Date of Decision: December 20, 2010


APPEARANCES:

    *Henry Allen Holdcroft,* Appellant

    *Jonathan K. Miller* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant, Henry Allen Holdcroft (hereinafter "Holdcroft"), appeals the judgment of the Wyandot County Court of Common Pleas dismissing his petition for post-conviction relief and motions related to that petition. For the reasons stated herein, we affirm.

{¶2} On November 13, 1998, the Wyandot County Grand Jury indicted Holdcroft on three counts, including: count one of aggravated arson in violation of R.C. 2909.02(A)(3), a first degree felony; count two of complicity to commit aggravated arson in violation of R.C. 2923.03(A)(1), a first degree felony; and count three of arson in violation of R.C. 2909.03(A)(4), a third degree felony. The charges stemmed from an incident where Holdcroft hired a third party to set fire to his then-wife's automobile and residence.

{¶3} On June 9, 1999, the State filed a motion to dismiss count two of the indictment on the basis that the charge was an allied offense of similar import to count one, aggravated arson. The trial court granted the State's motion to dismiss count two on June 25, 1999.

{¶4} On July 6-9, 1999, a jury trial was held on the remaining two counts of the indictment against Holdcroft. The jury returned guilty verdicts on both counts. On July 29, 1999, the trial court filed a judgment entry of conviction.

{¶5} On September 10, 1999, the trial court sentenced Holdcroft to ten years imprisonment on count one, aggravated arson, and five years imprisonment on count three, arson. The trial court ordered "that the sentence imposed for Count Three shall be served consecutively to the sentence imposed in Count One." (Sept 10 1999 JE, at 3). Holdcroft was ordered to make restitution to the victim, Kathy Hurst, or the insurance carrier, in the sum of $5,775.00, and $400.00 to Eric Goodman. The trial court also notified Holdcroft "that a period of post-release control shall be imposed," and that if he violated his post-release control further restrictions upon his liberty could follow as a consequence. (*Id*.). Holdcroft was also taxed with the costs of prosecution and all other fees permitted under R.C. 2929.18(A)(4).

{¶6} On September 14, 1999, Holdcroft filed a notice of appeal pro se. The trial court appointed appellate counsel, and the appeal was assigned. On appeal, Holdcroft asserted one assignment of error arguing that his convictions were against the manifest weight of the evidence. *State v. Holdcroft* (Mar. 31, 2000), 3rd Dist. No. 16-99-04, at *1. This Court subsequently overruled Holdcroft's assignment of error, sustained the State's assignment of error, and upheld the convictions.

{¶7} While his direct appeal was pending before this Court, Holdcroft filed a motion for the appointment of counsel in order to pursue post-conviction

relief. The trial court granted Holdcroft's motion and appointed counsel on February 3, 2000.

{¶8} On May 5, 2000, Holdcroft, pro se, filed a notice of appeal to the Ohio Supreme Court from this Court's March 31, 2000 decision. The Ohio Supreme Court, however, declined review. *State v. Holdcroft* (2000), 89 Ohio St.3d 1464, 732 N.E.2d 997.

{¶9} On June 9, 2000, Holdcroft, through appointed appellate counsel, filed a motion for a new trial, along with a motion to withdraw as appellate counsel. The trial court granted the motion to withdraw but denied the motion for a new trial. On June 26, 2000, Holdcroft filed a motion for judicial release, which the trial court also denied.

{¶10} On July 13, 2006, Holdcroft filed a "motion to vacate or set aside and modify sentence pursuant to R.C. 2945.25(A) & Crim.R. 52(B)." On July 20, 2006, the trial court overruled the motion, finding it was untimely and lacked substantive merit "as the Defendant was not convicted of allied offenses of similar import. There were separate and distinct felonies committed by the Defendant, one involving a dwelling and the other involving an automobile."

{¶11} On August 16, 2006, Holdcroft, pro se, filed a notice of appeal from the trial court's denial of his motion. On appeal, Holdcroft argued that his sentence was void because he was sentenced on two offenses that were allied

offenses of similar import. This Court overruled Holdcroft's assignment of error, finding that his motion was an untimely post-conviction motion, and, under a plain error analysis, that the offenses were not allied offenses of similar import. *State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-586.

{¶12} On December 11, 2009, the State filed a motion to correct Holdcroft's sentence pursuant to R.C. 2929.191. On December 30, 2009, the State filed a motion for a de novo sentencing hearing to correct Holdcroft's sentence pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. On January 5, 2010, the trial court granted the State's motion for a de novo sentencing hearing.

{¶13} On January 26, 2010, the trial court conducted a de novo sentencing hearing. Holdcroft's sentence was journalized in the trial court's February 2, 2010 Judgment Entry. The trial court sentenced Holdcroft to ten years on count one and five years on count three. The trial court further ordered that the term of imprisonment imposed on count three be served consecutively to the term of imprisonment imposed on count one for an aggregate term of fifteen years. The trial court notified Holdcroft that he would be subject to five years of mandatory post-release control as to count one and three years of optional post-release control as to count three after imprisonment. The trial court noted that the terms of post-release control would not be served consecutively to each other. The trial court

also ordered that Holdcroft "pay restitution to Kathy Hurst, or the insurance carrier, in the sum of $5,775.00; and make restitution to Eric Goodman in the amount of $400.00." (Feb. 2, 2010 JE, at 5).

{¶14} On February 12, 2010, Holdcroft filed a notice of appeal from the trial court's judgment entry of sentence. On May 26, 2010, while the appeal was pending, Holdcroft, pro se, filed a petition for post-conviction relief and various motions relating to that petition.[1] The trial court noted that Holdcroft was appointed counsel to handle the direct appeal of his conviction which was pending before this Court. The trial court subsequently dismissed Holdcroft's petition for post-conviction relief and stated that the "appeal is presently pending before the Third Appellate District and accordingly this Court (the trial court) lacks jurisdiction to rule on the matters raised in the Defendant's Motions." (May 27, 2010 JE at 1).

{¶15} Holdcroft now appeals the judgment of the trial court dismissing his petition for post-conviction relief and his motions related to that petition and asserts the following four assignments of error for our review.

**First Assignment of Error**

---

[1] These motions were a Motion for Change of Venue which essentially requested that a court in a different county, other than Wyandot County, hear the merits of his post-conviction relief petition, a Motion for Expert Assistance and a Motion for Appointment of Counsel both relating to his post-conviction relief petition.

**The trial court violated the appellants [sic] 6th, and 14th Amendment rights to [sic] U.S. Constitution, violation of Pro. Cond. R. 1.7, violation of ineffective assistance of counsel due to the conflict of interest.**

### Second Assignment of Error

**Appellant [sic] counsel Howard A. Elliott, rendered ineffective assistance of counsel in violation of the 6th Amendment to the U.S. Constitution and Article I, Section 10, 16 of the Ohio Constitution.**

### Third Assignment of Error

**Appellants [sic] constitutional rights were violated when the Judge, Clerk of Courts and the Assistant Prosecuting Attorney failed to respond to the Administrative Judgment as showed [sic] in exhibit A and B, and Appellants [sic] constitutional rights were violated when the United States of America, State of Ohio, County of Wyandot and Wyandot County Prosecuting Attorney failed to respond to the Conditional Acceptance for Value (CAFV) as exhibit C.**

### Fourth Assignment of Error

**The trial court violated the Appellant's constitutional rights, and showed bias and prejudice by not contacting the Ohio Supreme Court to have them appoint a new judge to rule on the violations of conflict of interest, and Pro. Cond. R. 1.7 and violation of cannon 3(3)(C), and other violations, by violating the Fifth and Fourteenth Amendment to the U.S. Constitution and Section 16, Article I, [sic] Ohio Constitution and due process.**

{¶16} To facilitate our review, we elect to address the assignments of error out of order.

### *Third Assignment of Error*

{¶17} Upon reviewing his third assignment of error, we are unable to discern the precise nature Holdcroft's complaint because he references several documents which are outside of the record and not reviewable by this Court. However, we can glean from the record that Holdcroft's primary contention within the purview of our review focuses on the trial court's Judgment Entry "dismissing" his petition for post-conviction relief and the motions related to that petition.[2]

{¶18} After reviewing the trial court's decision to dismiss Holdcroft's petition for post-conviction relief, we initially note that the trial court incorrectly stated that it lacked jurisdiction to rule on the petition. Appellate Rule 6 provides that a trial court and an appellate court have concurrent jurisdiction to review a judgment of conviction. Specifically contemplated by App. R. 6 is the trial court's ability to rule on a petition for post-conviction relief while a direct appeal of the judgment imposing his conviction and sentence is pending before the appellate court. Therefore, the trial court did have concurrent jurisdiction with this Court to review Holdcroft's petition for post-conviction relief and the motions relating to that petition.

---

[2] We note that Holdcroft attached the trial court's May 27, 2010 Judgment Entry to his notice of appeal in this case.

**{¶19}** However, on September 13, 2010, this Court dismissed Holdcroft's direct appeal of the trial court's order of conviction and sentence in *State v. Holdcroft*, 3rd Dist. No. 16-10-01, 2010-Ohio-4290.  As the basis for dismissing the case, we determined that the Judgment Entry imposing Holdcroft's sentence and conviction did not constitute a final appealable order.  (*Id*. at ¶19).  In particular, the Judgment Entry failed to allocate the amount of restitution between

the victim, Kathy Hurst, and the insurance company. (*Id*.). As previously stated by this Court, an order of restitution must set forth the amount or method of payment as to each victim receiving restitution in order to be a final appealable order. See *State v. Kuhn*, 3rd Dist. No. 4-05-23, 2006-Ohio-1145, ¶ 8; see also *State v. Hartley*, 3rd Dist. No. 14-09-42, 2010-Ohio-2018, ¶ 5. Because Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's jurisdiction to reviewing "final appealable orders," we remanded Holdcroft's appeal of his conviction and sentence to the trial court to resolve the restitution issue.

{¶20} Section 2953.21 of the Revised Code governs the filing of a petition for post-conviction relief and states that "any person convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating that the grounds for relief relied upon, and asking the court to vacate or set aside judgment or sentence or to grant other appropriate relief." As stated above, the judgment entering Holdcroft's conviction and sentence did not constitute a final appealable order. Accordingly, because the trial court had yet to file a final order entering Holdcroft's conviction and sentence, Holdcroft's filing for a petition for post-relief conviction is premature.

{¶21} Although, we found that the trial court incorrectly stated that it did not have jurisdiction to rule on Holdcroft's petition for post-conviction relief, we conclude the trial court was correct in dismissing Holdcroft's petition and the

motions related to that petition because a final order of conviction and sentence had yet to be filed in this case.

{¶22} Holdcroft's third assignment of error is, therefore, overruled.

*First and Second Assignments of Error*

{¶23} In his first and second assignments of error, Holdcroft argues that both his trial counsel and his appellate counsel, who handled his first appeal in 2000, were ineffective. However, in light of our determination in *State v. Holdcroft*, 3rd Dist. No. 16-10-01, 2010-Ohio-4290 that the trial court's order of conviction and sentence did not constitute a final appealable order, these issues are premature for our review. Accordingly, we find that these assignments of error are rendered moot and therefore overruled.

*Fourth Assignment of Error*

{¶24} In his fourth assignment of error, Holdcroft contends that the Judge should have recused herself from deciding this case. As the basis for his contention, Holdcroft argues that the Judge had a conflict of interest rendering her both prejudiced and biased, and therefore warranting her disqualification from deciding his case.

{¶25} The determination of a claim that a common pleas judge is biased or prejudiced is within the *exclusive jurisdiction* of the Chief Justice of the Supreme Court of Ohio, or his designee. See *Jones v. Billingham* (1995), 105 Ohio App. 3d

8, 11, 663 N.E.2d 657 citing Section 5(C), Article IV of the Ohio Constitution. See also *Adkins v. Adkins* (1988), 43 Ohio App.3d 95, 539 N.E.2d 686.

**{¶26}** Section 2701.03 of the Revised Code sets forth the procedure available to a litigant in asserting a claim that a common pleas judge is biased or prejudiced. Specifically, R.C. 2701.03(A) provides, in relevant part:

> **If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.**

R.C. 2701.03(A).

**{¶27}** As this Court has previously stated on this issue in light of the authority cited above, "a court of appeals is without the authority to determine whether a judge of the court of common pleas is, or should be, disqualified from presiding over a case." *State v. Milligan*, 3rd Dist. No. 16-08-04, 2008-Ohio-4509, ¶ 11. Accordingly, this Court is without the authority to determine the disqualification of a common pleas court judge and Holdcroft's fourth assignment of error is overruled.

**{¶28}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**