[Cite as *State v. Martinez*, 2012-Ohio-3750.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO.  13-11-32

      v.

JUAN MARTINEZ, JR.,           O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO.  13-11-21

      v.

JUAN MARTINEZ, JR.,           O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Seneca County Common Pleas Court**
**Trial Court No. 03-CR-0116**

**Judgments Affirmed**

**Date of Decision:   August 20, 2012**

Case Nos. 13-11-32 and 13-11-21

**APPEARANCES:**

    *Deborah Kovac Rump* **for Appellant**

    *Ken Egbert, Jr.* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Juan M. Martinez, Jr., appeals the Seneca County Court of Common Pleas' sentence of 15 years imprisonment following his conviction by jury trial on two counts of possession of marijuana and one count of possession of cocaine. Martinez contends that the trial court abused its discretion by imposing a 15-year sentence, violated his right to a timely resentencing, and abused its discretion by not resentencing him after the original trial judge's voluntary recusal. For the reasons that follow, we affirm.

{¶2} On April 10, 2003, a Seneca County grand jury indicted Martinez on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(d), a felony of the second degree (count one), one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(c), a felony of the third degree (count two), and one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(f), a felony of the second degree (count three). (Doc. No. 1). Count three contained three specifications seeking forfeiture of a freezer, a .22 caliber firearm, and $2,542 that Martinez allegedly used in the commission of the offense. (*Id*.).

-2-

{¶3} The trial court held an arraignment hearing on May 23, 2003. (Doc. No. 13). Martinez entered a plea of not guilty to the charges. (*Id*.).

{¶4} The trial court held a jury trial from August 16 through August 18, 2004. (Doc. No. 146). The jury found Martinez guilty of count one, possession of cocaine, and further found that Martinez possessed cocaine exceeding 100 grams but less than 500 grams; guilty of count two, possession of marijuana, and further found that the amount of marijuana exceeded 5,000 grams but was less than 20,000 grams; and guilty of count three, possession of marijuana, and further found that the amount of marijuana exceeded 20,000 grams. (*Id*.).

{¶5} On October 18, 2004, the trial court held a sentencing hearing. (Doc. No. 158). The trial court sentenced Martinez to a mandatory seven years imprisonment on count one, two years imprisonment on count two, and a mandatory eight years imprisonment on count three. (*Id*.). The trial court ordered Martinez to serve counts two and three concurrent to each other but consecutive to count one, for a total of 15 years imprisonment. (*Id*.).

{¶6} On November 12, 2004, Martinez filed a notice of appeal. (Doc. No. 166). On April 24, 2006, this Court affirmed Martinez's convictions but found Martinez's sentence was void because it was based upon unconstitutional statutes following *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *State v. Martinez*, 3d

Dist. No. 13-04-49, 2006-Ohio-2002. This Court remanded the case for resentencing in accordance with *Foster*. *Id*. at ¶ 21-22.

{¶7} On May 2, 2006, the trial court issued a warrant ordering the Seneca County Sheriff to transport Martinez to the trial court for a resentencing hearing. (Doc. No. 179). On May 8, 2006 the Seneca County Sheriff returned the warrant to the trial court because he had been unable to serve Martinez. (Doc. No. 181).

{¶8} On May 24, 2011, the trial court held a resentencing hearing where it imposed the same sentence of 15 years imprisonment. (Doc. No. 187). During the hearing, Martinez made an oral motion to dismiss the case for lack of subject matter jurisdiction. (May 24, 2011 Tr. at 2-3).

{¶9} On May 26, 2011, Martinez filed a motion to dismiss the case because the trial court lacked jurisdiction. (Doc. No. 188). The trial court set a hearing on the motion for July 12, 2011. (Doc. No. 194).

{¶10} On June 17, 2011, Martinez filed a notice of appeal on the trial court's judgment entry from the resentencing hearing. (Doc. No. 198).

{¶11} On June 21, 2011, the State filed its brief in response to Martinez's motion to dismiss. (Doc. No. 202). On July 5, 2011, the State also filed a motion to dismiss Martinez's motion because the trial court no longer had jurisdiction due to Martinez's appeal. (Doc. No. 205).

{¶12} On July 8, 2011, the trial court judge, Judge Kelbley, determined that he had a potential conflict in presiding over the case and voluntarily recused himself from further proceedings. (Doc. No. 206). On August 10, 2011, the Supreme Court of Ohio assigned Judge Markus to preside over the case. (Doc. No. 212).

{¶13} On August 16, 2011, the State withdrew its motion to dismiss Martinez's motion because this Court stayed the appeal and remanded the case to the trial court to consider Martinez's motion. (Doc. No. 214).

{¶14} After several continuances, Judge Markus held a hearing on Martinez's motion to dismiss on October 6, 2011. (Doc. No. 224). Judge Markus denied Martinez's motion to dismiss on October 11, 2011. (*Id*.).

{¶15} On November 8, 2011, Martinez filed a notice of appeal. (Doc. No. 226). This Court consolidated the two appeals for the purposes of our review. (Appellate Case No. 13-11-32, Doc. No. 6). Martinez now raises three assignments of error.

### Assignment of Error No. I

**The trial court abused its discretion with the sentence that it imposed. Further, the sentence imposed constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.**

{¶16} In his first assignment of error, Martinez argues the trial court abused its discretion by imposing a sentence of 15 years imprisonment. Martinez

contends that he did not have any prior criminal convictions, did not have any pending charges, was a non-violent offender, and has presented considerable evidence that he is rehabilitated. Martinez argues that in light of these factors, the trial court erred in sentencing him to 15 years imprisonment.

{¶17} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism

and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).[1]

{¶18} The Supreme Court of Ohio determined that the sentencing statute requiring judicial fact-finding prior to imposing consecutive sentences infringed on a defendant's Sixth Amendment right to a trial by jury in *State v. Foster*, 2006-Ohio-856, paragraph one of the syllabus. Following that decision, the United States Supreme Court decided that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711 (2009). The Supreme Court of Ohio subsequently determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320. However, the Supreme Court of Ohio decided the trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *Foster* at ¶ 36-42.

---

[1] This Court notes that the Ohio Supreme Court has released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. Although this Court used our precedential clear and convincing standard, affirmed and adopted by *Kalish*'s three dissenting Justices, we would have concluded that Martinez's sentence was proper under the *Kalish* plurality's two-step approach as well.

{¶19} According to R.C. 2929.11, the purposes of felony sentencing are "to protect the public from future crime by the offender and others and to punish the offender." Consequently, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence the court imposes must be reasonably calculated to achieve these purposes, be consistent with the severity of the offense while not demeaning the seriousness of the conduct and its impact on the victim, and be similar to other sentences imposed for similar offenses. R.C. 2929.11(B). Furthermore, R.C. 2929.12 provides that the sentencing court must consider several factors as an indication that the defendant's conduct is more serious than conduct typical of the offense, including whether "[t]he offender committed the offense for hire or as a part of an organized criminal activity."

{¶20} The evidence presented at trial and prior to sentencing demonstrates that Martinez's conduct was more serious than conduct normally constituting the offense. According to the presentence investigation, Martinez has a history of drug and alcohol abuse, including the use of alcohol, marijuana, LSD, ecstasy, and cocaine. (PSI). During the presentence investigation, Martinez's girlfriend, Alice Torres, informed officers that she assisted Martinez in possessing cocaine and marijuana in her home because he threatened and beat her when she attempted to

leave the home with their children. (PSI). Mark Apple, a special agent with the Bureau of Criminal Investigations, testified that the marijuana found in the house was worth around $50,000. (Aug. 16, 2004 Tr. at 262-263). During the search of the house, officers also discovered Martinez's semi-automatic firearm. (Aug. 17, 2004 Tr. at 312-313). Furthermore, on the day of Martinez's arrest, David Ysassi, Martinez's cousin, purchased 20 pounds of marijuana from Martinez. (Aug. 16, 2004 Tr. at 208-209). Ysassi testified that he obtained the marijuana from Martinez's house and that he would pay Martinez for the marijuana and then keep whatever he charged beyond that amount. (*Id*.). Ysassi was planning on making $2,000 for selling the 20 pounds of marijuana he obtained from Martinez. (*Id*.). Ysassi was arrested and convicted of trafficking when he sold the marijuana to a confidential informant. (*Id*.). Michael Ackley, a Wood County Deputy Sheriff, testified that the purpose of the investigation that led to Martinez was to find the source of the drugs, "as high as we can go within the organization." (Aug. 16, 2004 Tr. at 195). In light of the large amount of cocaine and marijuana Martinez possessed, his threats and violence towards his girlfriend, and his criminal activity with Ysassi, we cannot find that Martinez has demonstrated by clear and convincing evidence that his 15 year sentence is unsupported by the record.

{¶21} Martinez's first assignment of error is, therefore, overruled.

**Assignment of Error No. II**

**The trial court abused its discretion when it denied Martinez' motion to dismiss. By waiting more than 5 years, Martinez' rights to a timely resentencing were violated.**

{¶22} In his second assignment of error, Martinez argues the trial court abused its discretion when it denied his motion to dismiss because the trial court no longer had subject matter jurisdiction due to the delay in his resentencing. Martinez contends that the five-year delay between his first appeal and his resentencing violated Crim.R. 32 and his Sixth Amendment right to a speedy trial. Martinez argues that since the trial court did not have subject matter jurisdiction to resentence him, this Court should vacate the remainder of his prison sentence.

{¶23} A trial court's decision granting or denying a motion to dismiss for lack of subject-matter jurisdiction is reviewed de novo. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." However, Crim.R. 32(A) does not apply to resentencing cases. *State v. Feagan*, 5th Dist. No. 10CA46, 2011-Ohio-2025, ¶ 16; *State v. King*, 8th Dist. No. 95233, 2011-Ohio-1079, ¶ 7; *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, ¶ 9; *State v. Easley*, 10th Dist. No. 10AP-352, 2011-Ohio-2867, ¶ 10. Thus, the only question before this Court is whether the delay violated Martinez's constitutional rights.

**{¶24}** When reviewing a delay in resentencing, the appellate court must consider whether the delay prejudiced the defendant. *State v. McQueen*, 8th Dist. No. 91370, 2009-Ohio-1085, ¶ 5. Whether the defendant suffered prejudice as a result of the delay depends on the facts of the case. *See id.* For example, the Eighth District found prejudice when the defendant was released on bond during the delay and was then ordered to return to prison to serve an additional two months after the length of his sentence had lapsed. *Euclid v. Brackis*, 135 Ohio App.3d 729 (8th Dist.1999). However, the Ninth District did not find prejudice where the defendant was incarcerated during the length of the delay and would not have been eligible for release during that time period. *State v. Huber*, 9th Dist. No. 85082, 2005-Ohio-2625.

**{¶25}** In the present case, this Court previously affirmed Martinez's convictions. *Martinez*, 2006-Ohio-2002. Martinez was convicted of possession in violation of R.C. 2925.11(A)(C)(3)(f), which requires the trial court to "impose as mandatory the maximum prison term for a felony of the second degree." (Doc. No. 146). As a result, the trial court was required to impose a mandatory sentence of eight years imprisonment for that offense. R.C. 2929.14(A)(2). A five-year delay elapsed between this Court's remand and Martinez's resentencing. (Doc. No. 187). Although this Court agrees with Martinez that the delay was a serious administrative lapse, we cannot find prejudice to Martinez given the facts of this

case. The trial court was required to resentence Martinez to a minimum of eight years imprisonment based on his conviction, thus Martinez could not have been released during the five-year delay. Consequently, this Court cannot find that the trial court abused its discretion by denying Martinez's motion to dismiss when Martinez did not suffer prejudice.

{¶26} Martinez's second assignment of error is, therefore, overruled.

**Assignment of Error No. III**

**The trial court abused its discretion for not resentencing Martinez after the original trial judge recused himself for unspecified reasons. The visiting judge, at a minimum, should have determined the basis for the conflict of interest and determine whether it impacted the May 24, 2011 resentencing.**

{¶27} In his third assignment of error, Martinez argues the trial court erred by not resentencing him after Judge Kelbley voluntarily recused himself. Martinez contends that Judge Kelbley did not disclose the conflict that required his recusal, and, as a result, the conflict may have affected his resentencing. Martinez argues that even if the visiting judge, Judge Markus, chose not to resentence him, Judge Markus should have determined the basis for Judge Kelbley's recusal.

{¶28} "[A] judge's decision to voluntarily recuse himself is a matter of judicial discretion." *State ex rel. Gomez v. Nau*, 7th Dist. No. 08 NO 355, 2008-Ohio-5685, ¶ 19, quoting *State ex rel. Brady v. Russo*, 8th Dist. No. 89552, 2007-Ohio-3277, ¶ 22. Martinez does not offer any authority for his argument that

Judge Markus should have resentenced him after Judge Kelbley's recusal, or that Judge Markus should have determined the reason for the recusal. Furthermore, Martinez did not raise any issues of bias or concerns of a conflict at the resentencing hearing, when Judge Kelbley resentenced Martinez to the same term of imprisonment originally imposed. This Court declines to inquire into matters of judicial discretion regarding voluntary recusal or to require a visiting judge to conduct such an inquiry. The determination of whether a common pleas judge is biased is within the exclusive jurisdiction of the Supreme Court of Ohio. *State v. Holdcroft*, 3d Dist. No. 16-10-04, 2010-Ohio-6262, ¶ 25.

**{¶29}** Martinez's third assignment of error is, therefore, overruled.

**{¶30}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS, J., concurs.**

**/jlr**


**WILLAMOWSKI, J., Concurring Separately.**

**{¶31}** I concur fully with the judgment of the majority; however write separately to emphasize the appropriate standards of review. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In

*Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellants must meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[2] For example, if the sentencing court imposed consecutive sentences, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law. However, if the appeal is based upon alleged improper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[3]

{¶32} In his assignment of error, Martinez alleges that the trial court erred by failing to properly consider and apply the felony sentencing guidelines set forth in R.C. 2929.11 and 2929.12. Martinez's appeal of his felony sentence challenges both the consideration of the factors in R.C. 2929.11 and 2929.12 and the application of the factors in R.C. 2929.12. As stated by the majority, Martinez has not shown by clear and convincing evidence that the trial court failed to consider the statutory factors. To the contrary, the evidence supported the ruling of the trial court that the crime was more serious than the average possession of cocaine and marijuana case due to the amounts of drugs found. Thus, the trial court's application of the factors was supported by some competent, credible evidence and

---

[2] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.

[3] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.

its determinations were not an abuse of discretion. For this reason, I concur in the

judgment of the majority.